IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| William R. Hall, Jr., individually and as a representative of the classes, | ) | Civil Action No. 1:18-cv-05141-WMR-AJB |
| Plaintiff, | ) | |
| v. | ) | **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** |
| TransUnion Rental Screening Solutions, Inc., | ) | |
| Defendant. | ) | |

**1. Description of Case:**

(a) Describe briefly the nature of this action. This is a putative class action for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq*.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Plaintiff alleges that Defendant, a tenant screening company, provided a report about him to his prospective landlord, which included criminal conviction data relating to a consumer named "William R. Hall." Plaintiff claims that the criminal conviction data on the report does not belong to him, and the report is—therefore—inaccurate in violation of 15 U.S.C. § 1681e(b). Plaintiff alleges that Defendant's conduct caused him to be unable to rent his apartment of choice, and caused financial harm and reputational harm.

Plaintiff also alleges that Defendant violated 15 U.S.C. § 1681g when it provided Plaintiff with a copy of his consumer file, which Plaintiff alleges failed to accurately disclose its sources of information in the file disclosure. Plaintiff alleges that the disclosure contains "contradictory" information about the source of a public record because, on one page, the disclosure indicates that the record was from the

"SC Dept of Corrections" dataset, while on the "Sources of Data" page, the disclosure indicates the record was from "South Carolina, Aiken County."

Plaintiff brings his claims on behalf of two putative classes.

(c) The legal issues to be tried are as follows:

- Whether Defendant violated 15 U.S.C. § 1681e(b);
- Whether Defendant violated 15 U.S.C. § 1681g;
- Whether Defendant violated 15 U.S.C. § 1681g when it listed the source of a criminal record on a "Sources of Data" page that was not the same as the dataset description provided with a criminal record included in a consumer report;
- Whether Defendant's alleged violations were willful;
- Whether certification of the putative classes is appropriate under Rule 23; and
- Whether Plaintiff can establish that Defendant's reporting is inaccurate for all the members of the putative "Inaccurate Matching Class."

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: None.

(2) Previously Adjudicated Related Cases: None.

**2.** This case is complex because it possesses one or more of the features listed below (please check):

__ (1) Unusually large number of parties
__ (2) Unusually large number of claims or defenses
__ (3) Factual issues are exceptionally complex
__ (4) Greater than normal volume of evidence
X (5) Extended discovery period is needed
__ (6) Problems locating or preserving evidence
__ (7) Pending parallel investigations or action by government

__ (8) Multiple use of experts
__ (9) Need for discovery outside United States boundaries
__ (10) Existence of highly technical issues and proof
X (11) Unusually complex discovery of electronically stored information

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: E. Michelle Drake, Berger Montague PC

Defendant: Michael O'Neil, Reed Smith LLP

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

__Yes X_No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

(a) The following persons are necessary parties who have not been joined: None.

(b) The following persons are improperly joined as parties: None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: None.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary: None at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. IF any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party. No.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

- The facts surrounding Defendant's preparation of Plaintiff's report for his prospective landlord;
- The facts surrounding Defendant's preparation of file disclosures regarding Plaintiff;
- The facts surrounding the purportedly inaccurate public record and its source;
- Defendant's policies and procedures for matching criminal records to individual applicants, and reporting those records, much of which may be electronic and/or algorithmic;
- Defendant's sources for criminal record information;

- Defendant's policies and procedures for disclosures of its sources of criminal record information;
- The ascertainability, number, and identity of members of the putative classes; and,
- Any harm allegedly suffered by Plaintiff and any resulting actual damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties jointly request that this case be moved from the four-month discovery track to the eight-month discovery track. Plaintiff intends to conduct discovery regarding (1) the manner in which Defendant links the individuals who are the subjects of consumer reports to criminal records, (2) the manner in which Defendant generates its responses to consumer file requests, and (3) the number and identity of the members of the putative classes. Each of these topics will potentially require the evaluation of electronically stored information, including Defendant's algorithms, computer code and databases. Plaintiff believes that it will likely also involve a data-based comparison between Defendant's data and data maintained by public entities, from whom discovery will need to be obtained by subpoena. This is likely to be an involved process which involves multiple meet-and-confers, experts on both sides, and the negotiation of ESI protocols and the provision of database exports. For this reason, the extended discovery period is justified.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed? None.

(b) Is any party seeking discovery of electronically stored information?

X Yes __No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties agree to further meet and confer regarding searches of Defendant's databases for information regarding the putative classes, and the potential production of Defendant's algorithms or electronic source code which governs its matching of consumers to criminal records and production of consumer file requests responses.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Once the parties agree to the production of certain items of electronically stored information, they will reach an agreement on the appropriate format for production.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties are preparing a stipulated protective order, which they expect to submit to the Court shortly.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on January 14, 2019, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead Counsel (signature): /s/E. Michelle Drake

Other participants: Joe Hashmall

For Defendant: Lead Counsel (signature): /s/ *Michael O'Neil* ______________

Other participants: Albert E. Hartmann, Robert B. Remar, and Maxwell Eichenberger.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery

(_X_) A possibility of settlement after discovery

(___) A possibility of settlement, but a conference with the judge is needed

(___) No possibility of settlement

(c) Counsel (__) do or (_X _) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is __n/a__.

(d) The following specific problems have created a hindrance to settlement of this case.

Discovery is needed on the issues of liability and class certification. At this time, Plaintiff is unwilling to settle his claims on an individual basis, and Defendant is unwilling to settle Plaintiff's claims on a class-wide basis.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (___) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day of _____, of 20___.

(b) The parties (_x_) do not consent to having this case tried before a magistrate judge of this Court.

Dated: February 1, 2019

/s/E. Michelle Drake
E. Michelle Drake, SBN 229202
Joseph C. Hashmall (*pro hac vice*)
BERGER MONTAGUE PC
43 SE Main St, Suite 505
Minneapolis, MN 55414
Tel.: 612.594.5999
Fax: 612.584.4470
Email: emdrake@bm.net
jhashmall@bm.net

Gary B. Andrews, Jr., SBN 019375
Blake Andrews Law Firm, LLC
1831 Timothy Dr.
Atlanta, GA 30329
Tel.: 770.828.6225
Email: blake@blakeandrewslaw.com

*Counsel for Plaintiff*

/s/Albert E. Hartmann
Robert B. Remar, SBN 600575
Joshua P. Gunnemann, SBN 152250
Cameron B. Roberts, SBN 599839
ROGERS & HARDIN LLP
229 Peachtree St NE, 2700 Int'l Tower
Atlanta, GA 30303
Tel.: 404.522.4700
Fax: 404.525.2224
Email: rremar@rh-law.com
jgunnemann@rh-law.com
croberts@rh-law.com

Michael O'Neil (*pro hac vice*)
Albert E. Hartmann (*pro hac vice*)
REED SMITH LLP
10 South Wacker Drive, 40th Fl
Chicago, IL 60606
Tel. 312.207.1000
Email: michael.oneil@reedsmith.com
ahartmann@reedsmith.com

*Counsel for Defendant*

*****************

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

Plaintiff's Designation of Experts: July 19, 2019

Defendant's Designation of Experts: August 30, 2019

Close of All Discovery: October 4, 2019

Last Date for Plaintiff to Move for Class Certification: November 4, 2019

Last Date for Filing of Dispositive Motions: 30 days after the Court rules on Plaintiff's Motion for Class Certification.

Pre-Trial Order to be Filed on: 60 days after the Court rules on dispositive motions.

IT IS SO ORDERED, this _____________ day of __________, 20__.

_______________________________
Hon. William M. Ray, II
UNITED STATES DISTRICT JUDGE