UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| William R. Hall, Jr., individually and as a representative of the classes,<br><br>Plaintiff,<br><br>TransUnion Rental Screening Solutions, Inc.,<br><br>Defendant. | Case No. 1:18 cv-05141-WMR-AJB |

**DEFENDANT TRANSUNION RENTAL SCREENING SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant TransUnion Rental Screening Solutions, Inc., ("TURSS") hereby files its answer to the First Amended Complaint (ECF 62) ("Amended Complaint") filed by Plaintiff William R. Hall, Jr.

**[INTRODUCTION]**

1. In answer to Paragraph No. 1, TURSS states that the allegations in Paragraph 1 consist of Plaintiff's description of the Amended Complaint to which no answer is required. To the extent a further response is required, TURSS denies that it is liable to Plaintiff or to any member of the putative classes or that Plaintiff or any member of the putative classes is entitled to any relief. TURSS denies the

remaining allegations in this paragraph.

2. In answer to Paragraph No. 2, TURSS denies the first sentence of this paragraph to the extent that TURSS is not a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as that term is defined in 15 U.S.C. § 1681a(p). TURSS admits that it maintains a database of information relating to consumers nationwide, that certain but not all of the information TURSS furnishes to third parties constitute "consumer reports" (as that term is defined in 15 U.S.C. § 1681a(d)), and that third parties may use certain information that TURSS furnishes "to make decisions regarding whether to rent to certain to consumers." TURSS denies the remaining allegations in this paragraph.

3. In answer to Paragraph No. 3, TURSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. In answer to Paragraph No. 4, TURSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. In answer to Paragraph No. 5, TURSS denies the allegations in this paragraph.

6. In answer to Paragraph No. 6, TURSS denies the allegations in this

paragraph.

7. In answer to Paragraph No. 7, TURSS admits that Plaintiff seeks to bring the claims referenced in this paragraph on behalf of himself and a putative class but denies that it is liable to Plaintiff or any member of the putative classes and denies that this case can properly be brought as a class action.

### [PARTIES AND JURISDICTION]

8. In answer to Paragraph No. 8, TURSS denies that the Plaintiff can act as a "representative" and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. In answer to Paragraph No. 9, TURSS admits that Plaintiff is a natural person and a "consumer" as that term is defined in 15 U.S.C. § 1681a(c), and therefore certain provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. may relate to Plaintiff.  TURSS denies that it violated the FCRA and further denies that it is liable to Plaintiff or any member of the putative classes or that Plaintiff or any member of the putative classes are entitled to any relief from TURSS.

10. In answer to Paragraph No. 10, TURSS admits the allegations in this paragraph.

11. In answer to Paragraph No. 11, TURSS admits the allegations in the

first sentence of this paragraph. TURSS further admits that, in certain circumstances, the allegations in the second sentence of this paragraph may be true. TURSS denies the remaining allegations in this paragraph.

12. In answer to Paragraph No. 12, TURSS admits that it is a corporation incorporated under the laws of the state of Delaware with its principal place of business in Colorado.

13. In answer to Paragraph No. 13, TURSS admits that it conducts certain business in this District. TURSS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

14. In answer to Paragraph No. 14, TURSS admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

15. In answer to Paragraph No. 15, TURSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

[FACTUAL ALLEGATIONS RELATING TO PLAINTIFF]

16. In answer to Paragraph No. 16, TURSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. In answer to Paragraph No. 17, TURSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. In answer to Paragraph No. 18, TURSS states that its records reflect that on or about July 6, 2018, it made available to "Gabriel Calderon" information relating to a consumer named "William R Hall" via its SmartMove offering, which provides consumer information to TURSS customers via the internet (the "July 6 SmartMove Output"). TURSS admits that Exhibit A appears to reflect information relating to the July 6 SmartMove Output that TURSS retained in its records. TURSS denies that Exhibit A is a true and correct copy of the July 6 SmartMove Output. TURSS lacks knowledge or information sufficient to form a belief as to whether Plaintiff is the subject of the report at issue in this lawsuit. TURSS denies any remaining allegations in Paragraph 18.

19. In answer to Paragraph No. 19, TURSS admits only that the information from Exhibit A quoted in this paragraph is generally consistent with certain of the information it retained about the July 6 SmartMove Output. TURSS denies that this paragraph completely or accurately quotes all of the language of Exhibit A. TURSS lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

20. In answer to Paragraph No. 20, TURSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. In answer to Paragraph No. 21, TURSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. In answer to Paragraph No. 22, TURSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23. In answer to Paragraph No. 23, TURSS denies that there is any "flaw" in its "reporting."  TURSS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

24. In answer to Paragraph No. 24, TURSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. In answer to Paragraph No. 25, TURSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26. In answer to Paragraph No. 26, TURSS lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in this paragraph.

27.     In answer to Paragraph No. 27, TURSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28.     In answer to Paragraph No. 28, admits the allegations in the first sentence that the "criminal record data" did not include the "date of birth" of "the defendant," and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the first sentence.  TURSS admits the allegations in the second sentence of this paragraph.  TURSS denies the allegation in the third sentence that there was a "flaw," and lacks knowledge or information sufficient to form a belief as to remaining allegations in the third sentence.

**[FACTS DEMONSTRATING THAT DEFENDANT WILLFULLY FAILED TO USE REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY]**

29.     In answer to Paragraph No. 29, TURSS denies the allegations in this paragraph.

30.     In answer to Paragraph No. 30, TURSS denies the allegations in this paragraph.

31.     In answer to Paragraph No. 31, because TURSS does not have

7

information as to the historical content of records in its database, TURSS lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

32. In answer to Paragraph No. 32, because TURSS does not have information as to the historical content of records in its database, nor does TURSS have certain information that it may have used when attributing records to the subject of a report, TURSS lacks knowledge sufficient to form a belief as to the allegations of the first sentence of this paragraph. TURSS denies the allegations of the second sentence of this paragraph.

33. In answer to Paragraph No. 33, TURSS admits that it 'found a match," but, because TURSS does not have information as to the historical content of records in its database, nor does TURSS have certain information that it may have used when attributing records to the subject of a report, TURSS lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

34. In answer to Paragraph No. 34, TURSS denies that it did not carefully consider the name. TURSS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

35. In answer to Paragraph No. 35, TURSS denies the allegations in this

paragraph.

36. In answer to Paragraph No. 36, TURSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  TURSS admits that the allegations in this paragraph purport to summarize the claims and disposition in *FTC v. Realpage, Inc.*, No 3:18-cv-2737, but TURSS denies that this paragraph completely or accurately summarizes claims and disposition in that case.  TURSS denies any remaining allegations in this paragraph.

### [GENERAL FACTS REGARDING DEFENDANT'S WILLFULNESS]

37. In answer to Paragraph No. 37, TURSS states that this paragraph consists of argument to which no response is required.  To the extent a response is required TURSS denies the allegations.  TURSS further denies that it was a defendant in any of the actions cited in Footnote 1 to Paragraph 37.

38. In answer to Paragraph No. 38, TURSS denies the allegations in this paragraph.

### [CLASS ACTION ALLEGATIONS]

39. In answer to Paragraph No. 39, TURSS admits that Plaintiff seeks to bring on his own behalf and purportedly on behalf of the putative class as defined in this paragraph, but TURSS denies that certification of such class is appropriate

under Rule 23 of the Federal Rules of Civil Procedure.  TURSS denies the remaining allegations in this paragraph.

40. In answer to Paragraph No. 40, TURSS denies the allegations in this paragraph.

41. In answer to Paragraph No. 41, TURSS denies the allegations in this paragraph.

42. In answer to Paragraph No. 42, TURSS denies the allegations in this paragraph.

43. In answer to Paragraph No. 43, TURSS denies the legal conclusions in this paragraph and lacks knowledge or information sufficient to form a belief as to the truth of any factual allegations in this paragraph.

44. In answer to Paragraph No. 44, TURSS denies the allegations in this paragraph.

45. In answer to Paragraph No. 45, TURSS denies the allegations in this paragraph.

46. In answer to Paragraph No. 46, TURSS denies the legal allegations in this paragraph and lacks knowledge or information sufficient to form a belief as to the truth of any factual allegations in this paragraph.

47. In answer to Paragraph No. 47, TURSS denies the allegations in this

paragraph.

48. In answer to Paragraph No. 48, TURSS states that the first sentence of this paragraph is a legal conclusion to which no response is required. To the extent a response is required TURSS states that this case is not properly brought as a class action and no notice will be required. TURSS denies the allegations in the second sentence of this paragraph.

**[CLAIM FOR RELIEF]**
**[15 U.S.C. § 1681e(b)]**
**[On behalf of Plaintiff and the Class]**

49. In answer to Paragraph No. 49, TURSS incorporates, by reference, its answers to Paragraphs 1 through 48 above.

50. In answer to Paragraph 50, TURSS denies the allegations in this paragraph.

51. In answer to Paragraph No. 51, TURSS denies the allegations in this paragraph.

52. In answer to Paragraph No. 52, TURSS denies the allegations in this paragraph.

53. In answer to Paragraph No. 53, TURSS denies the allegations in this paragraph.

**[JURY TRIAL DEMANDED]**

TURSS admits that Plaintiff demands a trial by jury, but denies that this case is triable by jury.

## TURSS's ADDITIONAL DEFENSES

TURSS states the following as its additional defenses, without assuming the burden of proof on any such defense, except where required by law:

1. Plaintiff and/or putative class members may lack Article III standing to pursue claims against TURSS.

2. Plaintiff may have failed to mitigate any claimed damages.

3. The FCRA provisions as alleged in the Complaint are unconstitutionally vague and overbroad and thus violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

4. To the extent that any relief sought by Plaintiff against TURSS would be duplicative of relief sought by other plaintiffs in other lawsuits, subjecting TURSS to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eight Amendments to the United States Constitution.

5. To the extent that Plaintiff seeks injunctive relief against TURSS for any alleged violations of the FCRA, such relief is not allowed under the FCRA.

6.     In the event that a settlement is reached between Plaintiff or any other members of the putative classes and any other person or entity, TURSS is entitled to any settlement credits permitted by law.

7.     Some or all of the claims of the members of the putative classes may be barred by the doctrines of claim and issue preclusion, or may have otherwise been released.

8.     Some or all of the claims of Plaintiff and of the members of the putative classes may be barred by the equitable doctrine of laches.

9.     The claims for statutory damages and punitive damages may be barred, in whole or in part, by the Excessive Fines Clause and/or Due Process Clause of the United States Constitution.

**WHEREFORE,** TURSS respectfully requests that the Court deny Plaintiff the relief requested in the First Amended Complaint, dismiss the claims against TURSS in their entirety with prejudice, and award such other and further relief as this Court deems just and proper.

Dated: November 18, 2019	Respectfully submitted,

/s/ Robert B. Remar

Robert B. Remar (Ga. Bar No. 600575)
Joshua P. Gunnemann (Ga. Bar No. 152250)
Cameron B. Roberts (Ga. Bar No. 599839)
**ROGERS & HARDIN LLP**
2700 International Tower
229 Peachtree Street N.E.
Atlanta, GA  30303-1601
T: 404-522-4700
F: 404-230-0966
rremar@rh-law.com
jgunnemann@rhlaw.com
croberts@rh-law.com

-and-

Michael O'Neil (*Pro Hac Vice*)
Albert E. Hartmann (*Pro Hac Vice*)
William S. Weltman (*Pro Hac Vice*)
**REED SMITH LLP**
10 South Wacker Drive, 40th Floor
Chicago, IL  60606-7507
T: 312-207-1000
F: 312-207-6400
michael.oneil@reedsmith.com
ahartmann@reedsmith.com
wweltman@reedsmith.com

*Attorneys for Defendant TransUnion Rental Screening Solutions, Inc.*

## CERTIFICATE OF SERVICE
## AND COMPLIANCE WITH LOCAL RULE 5.1

The undersigned, an attorney, hereby certifies that on November 18, 2019, a true and accurate copy of the foregoing, which has been prepared using 14-point Times New Roman font, was filed electronically with the clerk of the United States District Court for the Northern District of Georgia.  Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF-registered parties.  Parties may access this filing through the Court's CM/ECF system.

*/s/ Robert B. Remar*

Robert B. Remar (Ga. Bar No. 600575)
Joshua P. Gunnemann (Ga. Bar No. 152250)
Cameron B. Roberts (Ga. Bar No. 599839)
**ROGERS & HARDIN LLP**
2700 International Tower
229 Peachtree Street N.E.
Atlanta, GA  30303-1601
T: 404-522-4700
F: 404-230-0966
rremar@rh-law.com
croberts@rh-law.com

*Attorneys for Defendant TransUnion Rental Screening Solutions, Inc.*