UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TRANSUNION RENTAL SCREENING SOLUTIONS, INC.,
FAIR CREDIT REPORTING ACT (FCRA) LITIGATION     MDL No. 2933

**TRANSFER ORDER**

    **Before the Panel**:[*] Defendants TransUnion LLC and TransUnion Rental Screening Solutions, Inc. (TURSS) move under 28 U.S.C. § 1407 to centralize this litigation, in the Northern District of Georgia. This litigation consists of six actions pending in four districts, as listed on Schedule A. Plaintiffs in all actions oppose centralization. If centralization is ordered, they argue for the Eastern District of Virginia or the Central District of California as the transferee district.

    After considering the argument of counsel,[1] we find that the actions in this litigation involve common questions of fact, and that centralization in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions involve common factual issues arising from six similar putative nationwide class actions alleging various errors in tenant screening reports. Plaintiffs are prospective tenants who allege that criminal or civil records were misattributed to them due to errors made by defendants. All actions concern TURSS's policies and procedures for obtaining, using and reporting such public records on tenant screening reports. Plaintiffs contend in each action that defendants violated the Fair Credit Reporting Act, specifically 15 U.S.C. § 1681e(b), by failing to adopt reasonable procedures to ensure the maximum possible accuracy of the information conveyed in the tenant screening reports. Centralization will eliminate duplicative discovery; avoid inconsistent pretrial rulings, particularly on class certification; and conserve the resources of the parties, their counsel and the judiciary.

    In opposing centralization, plaintiffs stress certain differences among the actions and the circumstances in which they arose. In particular, plaintiffs contend that the manner in which the errors in each tenant screening report were made differs from plaintiff to plaintiff, with two actions alleging misreporting of civil judgments of eviction and plaintiffs in the remaining four actions alleging inaccurate reporting of criminal convictions (failure to match basic information such as reported age, birth date and full name). Plaintiffs argue that each case can be expected to involve different data sets, and note that they have tailored their class definitions to fit each plaintiff's circumstances such that there

---

    [*] Judge Karen K. Caldwell did not participate in the decision of this matter.

  [1] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel considered without oral argument all matters considered at its hearing session of March 26, 2020, pursuant to Panel Rule 11.1(c). See Order Dispensing with Oral Argument in All Dockets, MDL No. 2933 (J.P.M.L. Mar. 12, 2020), ECF No. 15.

-2-

is no overlap in the putative classes. But these distinctions and the variations among the class definitions do not appear particularly significant. All actions share factual questions concerning maintenance and operation of the TURSS database and protocols for determining what public record information is included in its tenant screening reports. The propriety of TURSS's exclusion of vendor information as a source in its tenant screening reports also is a question common to at least three of the six actions. Moreover, defendants assert that the information at issue in all actions is stored in the same TURSS databases, so discovery can be expected to overlap to a significant extent.

Plaintiffs also assert that voluntary cooperation among the parties would be superior to formal centralization. Although we encourage the parties to cooperate to the extent possible, we conclude that creation of an MDL is warranted in these circumstances. As mentioned, there are six putative nationwide class actions pending in four districts. And defendant's request to transfer the Eastern District of Virginia *Francis* action to the Northern District of Georgia was denied, which suggests that similar attempts to proceed before a single judge may be unsuccessful.

We are persuaded that the Northern District of Georgia is an appropriate transferee district. The district offers a readily accessible and convenient transferee forum. Further, one of the oldest and most advanced actions (*Hall*) is pending in that district before Judge J.P. Boulee. Centralization before Judge Boulee allows us to assign this litigation to an able jurist who has not yet had the opportunity to preside over an MDL. We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Georgia are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable J.P. Boulee for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
Ellen Segal Huvelle
Acting Chair

R. David Proctor          Catherine D. Perry
Nathaniel M. Gorton       Matthew F. Kennelly
David C. Norton

**IN RE: TRANSUNION RENTAL SCREENING SOLUTIONS, INC.,**
**FAIR CREDIT REPORTING ACT (FCRA) LITIGATION**   MDL No. 2933

## SCHEDULE A

<u>Central District of California</u>

LEWIS v. TRANSUNION RENTAL SCREENING SOLUTIONS, INC.,
    C.A. No. 2:20‒00531
ROBINSON v. TRANSUNION RENTAL SCREENING SOLUTIONS, INC.,
    C.A. No. 8:19‒01994

<u>Northern District of Georgia</u>

HALL v. TRANSUNION RENTAL SCREENING SOLUTIONS, INC.,
    C.A. No. 1:18‒05141

<u>Eastern District of Pennsylvania</u>

MCINTYRE v. TRANSUNION, LLC, ET AL., C.A. No. 2:18‒03865

<u>Eastern District of Virginia</u>

FRANCIS v. TRANSUNION RENTAL SCREENING SOLUTIONS, LLC,
    C.A. No. 1:19‒01185
HECTOR v. TRANS UNION RENTAL SCREENING SOLUTIONS, INC.,
    C.A. No. 3:19‒00790